GRIFFIN, Judge,
dissenting.
I respectfully dissent. In its opinion in this case, the supreme court remanded to this court for reconsideration in light of their decision in Mize v. Mize, 621 So.2d 417 (Fla.1993).[1] When the supreme court deems it appropriate to return the matter to trial *1233 court for further proceedings, it usually says so in its opinion or order. The supreme court noted that this court’s stated basis for affirming the trial court was this court’s own earlier precedent “disfavoring removal” of children from Central Florida. This precedent was overturned in Mize and we should evaluate the correctness of the lower court’s decision in light of the criteria approved in Mize.
Here the trial court made extensive findings of fact, including:
(A) Each of the parents has remarried and the child’s primary home is with the father, which consists of the father, his new wife and twelve-year old stepsister.
(B) Dobson received an offer of employment [as a nuclear engineer] in Cedar Rapids, Iowa which he believed would provide more future stability to his career as well as an immediate increase in annual salary of $8,000.
(C) Dobson’s motives for seeking to relocate are genuine and bona fide.
(D) Dobson’s motive for seeking to relocate is not to defeat or frustrate the contact between Samson and the parties’ child.
(E) Were the court to allow the relocation, Dobson is likely to comply with any reasonable substitute visitation order and, further, that his motions for seeking to relocate are genuine and bona fide, and his motive is not to defeat or frustrate the contact between mother and child.
The record clearly shows that the lower court was fully apprised of the competing approaches between this district and the other districts and was informed about the Hill test now adopted in Mize. The lower court took the trouble to make findings under both the Fifth District view and the views of the other districts. As she was bound to do, she followed the Fifth District rule.
The only finding made by the lower court that was adverse to the father was that frequency of contact between the mother and child is important to maintain their existing relationship and given the lack of direct flights between Orlando and Cedar Rapids and the financial position of the parties, the current pattern of frequent and continuing contact between the mother and child could not be maintained. Under Mize, however, this cannot be the basis for preventing Mr. Dobson from going to Cedar Rapids. All of the Mize factors are covered and application of the Mize decision to the facts found by the lower court requires reversal. No other result is sustainable without different or additional findings of fact. And, no matter what the court does, if the court on remand changes the facts or the conclusions based on the facts, there will be a right to yet another appeal to this court.
Given the courts’ constant admonitions to litigants in divorce cases that precious family assets should not be expended on unnecessary litigation, it is disturbing to see this case go back almost to square one after the father has prevailed in the supreme court. A good deal of visitation between parent and child could be paid for with the fees it will take to go back for a new hearing in the lower court. We should decide the issue here and remand to the lower court with instructions to enter an appropriate visitation plan should appellant still wish to relocate.

. This court has already issued its order, dated October 5, 1993, reinstating the cause in this court for reconsideration and, in light thereof, declared moot appellant’s motion for entry of order on remand.